UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH IMAD MAADARANI,<br><br>Plaintiff,<br><br>v.<br><br>KRISTI NOEM, et al.,[1]<br><br>Defendants. | No. 2:24-cv-01325-DC-SCR<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff Sarah Imad Maadarani is proceeding pro se in this action, which is referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Defendants filed a motion to dismiss (ECF No. 23), arguing that this action is now moot because a consular officer acted on Plaintiff's spouse's application for a visa and refused that application. ECF No. 23 at 2. Defendants request the Court recommend dismissal of the action as moot and vacate its prior Findings and Recommendations ("F&R") (ECF No. 18). For the reasons stated below, the Court hereby VACATES its F&R and will recommend that Defendants' motion to dismiss be granted and the action be dismissed as moot.

////

---

[1] Pursuant to Fed. R. Civ. P. 25(d), when a public officer ceases to hold office while the action is pending, the "officer's successor is automatically substituted as a party."

1

**Background and Procedural History**

Plaintiff, proceeding pro se, commenced this action on May 9, 2024, seeking an order of mandamus directing Defendants to adjudicate the visa application of her spouse. ECF No. 1. Plaintiff is a U.S. Citizen and alleged that her husband's visa application had been pending for over 10 months at the time she filed this action. ECF No. 1 at 2. Defendants filed a motion to dismiss, or in the alternative, for summary judgment. ECF No. 5.

On October 31, 2024, the Court issued an F&R recommending that the motion be denied without prejudice. ECF No. 18. Defendants objected to the F&R and filed notices of supplemental authority. ECF Nos. 19, 20, & 21. District Judge Coggins has not yet ruled on the F&R. On May 30, 2005, Defendants filed the instant motion to dismiss, stating that Plaintiff's spouse's visa application was adjudicated in December 2024, and thus the action is moot. ECF No. 23 at 2. Plaintiff did not oppose this motion to dismiss. The motion to dismiss was submitted on June 23, 2025. The Court now recommends the motion be granted.

**Analysis**

Defendants note that after the F&R issued on October 31, 2024, the Government completed its adjudication of the contested visa application on December 10, 2024. ECF No. 23 at 1. Defendants contend a consular officer refused Plaintiff's spouse's application for a visa, citing 8 U.S.C. § 1182(3)(B) (Section 212(a)(3)(B) of the Immigration & Nationality Act), which is for "security and related grounds." *Id*. at 2. Defendants represent this was a "final decision." Defendants contend that because Plaintiff sought adjudication of the visa application, which has now occurred, the Court can no longer grant effective relief. *Id.* at 3. Defendants' motion is supported by the Declaration of Shelley Weger, which attaches a "refusal worksheet," or refusal notice, which states that the application is refused and that "[n]o waiver is available for the grounds of ineligibility." ECF No. 23-2. Defendants request the action be dismissed as moot, and the prior F&R vacated.

Plaintiff did not oppose the motion. Local Rule 230 provides that any opposition must be filed within 14 days, and "failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion." LR 230(c). Plaintiff's opposition was due on June 13, 2025.

Pro se litigants are subject to the same procedural requirements as other litigants. *Munoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022). However, the Court will not recommend dismissal based solely on Plaintiff's failure to comply with the Local Rules.

Nonetheless, Plaintiff has not contested Defendants' assertion that the visa application has been finally adjudicated, and on that basis it does appear that the case is in fact moot. A court lacks subject matter jurisdiction when the controversy before it becomes moot. *See Iqbal v. Blinken*, 2024 WL 3904959 (E.D. Cal. Aug. 22 2024), citing *In re Burrell*, 415 F.3d 994, 998 (9th Cir. 2005). "If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed." *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997). Plaintiff initially sought relief in the form of the Court ordering Defendants to adjudicate her spouse's visa application. "Courts have found immigration cases moot when a consular officer makes a final decision to grant or deny an applicant's visa application." *Iqbal*, 2024 WL 3904959 at *5. However, an action may not be moot if the visa application has been nominally denied and is still undergoing administrative processing or the consular officer has requested additional information. *Id.* at 5 n. 4 (collecting cases). Plaintiff does not argue that the visa application is still in administrative processing. Accordingly, it appears the Court cannot grant effective relief and the case is moot. *See Young v. U.S.C.I.S.*, 2025 WL 2432161 (W.D. Wa. Aug. 22, 2025) ("Because the Government's adjudication of [plaintiff's] visa application is concluded, it is clear that the relief requested in Plaintiff's petition is moot and it must be dismissed.").

To the extent Plaintiff's complaint could be construed as seeking not only adjudication of the visa application, but also the granting the application, the Court cannot grant that additional relief under the doctrine of consular non-reviewability. ECF No. 23 at 4. "Normally a consular official's discretionary decision to grant or deny a visa petition is not subject to judicial review." *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997). By contrast, the court may review an action that "challenges the authority of the consul to take or fail to take an action as opposed to a decision taken within the consul's discretion." *Id*. at 931-32. Plaintiff has not opposed the motion and does not offer an argument that an exception to the general rule of consular non-

reviewability applies. *See Dep't of State v. Muñoz*, 602 U.S. 899, 907-09 (2024). Thus, the Court concludes that it lacks jurisdiction to review the denial.

## CONCLUSION

Plaintiff filed this action seeking adjudication of her spouse's visa application. Defendants contend that adjudication has taken place and the application was refused. Plaintiff does not contest that her claims are now moot. Accordingly, the Court RECOMMENDS the Motion to Dismiss (ECF No. 23) be GRANTED.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The previously issued Findings and Recommendations (ECF No. 18) are HEREBY VACATED; and

**IT IS FURTHER RECOMMENDED THAT**:

2. Defendants' Motion to Dismiss (ECF No. 23) be GRANTED and the action be dismissed as moot; and

3. The Clerk be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

SO ORDERED.

DATED: September 24, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE